UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSUE SALVADOR HERRERA GARCIA (A-220-170-286),

Petitioner,

v.

WARDEN, California City Correctional Facility, et al.,

Respondents.

Case No.  2:26-cv-00766 DAD CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Josue Salvador Herrera Garcia (A-220-178-286), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment and exceeds statutory authority.  (Id. at 7-8.)  For the following reasons, this Court recommends that respondents' motion to dismiss be denied and the petition be granted.

I.      LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

1

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.  The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner."  The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## II.    DISCUSSION[1]

On March 9, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order.  (ECF Nos. 1, 2.)  On March 10, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed in many prior cases.  (ECF No. 4 (citing Rangel v. Noem, No. 1:26-cv-00084 DAD CSK, 2026 WL 73996 (E.D. Cal. Jan. 9, 2026).)  The district court directed respondents to show cause by 5:00 p.m. on March 11, 2026 whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders, including the case listed above.  (Id.)  Respondents did not respond to the district court's March 10, 2026 order.  (See docket.)   On March 12, 2026, the district court noted respondents' failure to file an opposition to petitioner's motion for a temporary restraining order.

---

[1] The factual and procedural background previously presented in the district judge's March 12, 2026 order is incorporated herein.  (See ECF No. 6.)

(ECF No. 6.)  The district court found the circumstances of petitioner's detention and the arguments raised in the motion for a temporary restraining order analogous to the circumstances of the district court's previous orders in Perez v. Albarran, No. 1:25-cv-01540 DAD CSK, 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) (district court found violation of the Fifth Amendment right to due process where petitioner re-detained pursuant to 8 U.S.C. § 1226(a) not afforded a hearing to contest her re-detention) and O.A.C.S. v. Wofford, No. 1:25-cv-01652 DAD CSK, 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025) (district court concluded that previously releasing petitioner on his own recognizance created a reliance interest such that the petitioner was entitled to the due process available under 8 U.S.C.§ 1226(a)).  (Id.)  The district court found that petitioner arrived in the United States on August 6, 2021, and at some later date was released and filed an application for asylum and withholding of removal.  (Id.)  On January 6, 2026, petitioner was re-detained by immigration officers.  (Id.)  In accordance with Perez and O.A.C.S., the district court granted petitioner's motion for a temporary restraining order and ordered respondents to immediately release petitioner.  (Id.)  The district court enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a pre-detention hearing before a neutral adjudicator, where respondents shall bear the burden of demonstrating by clear and convincing evidence that petitioner poses a risk of flight or danger to the community if released.  (Id.)  The district court referred this action to the assigned magistrate judge for further proceedings.  (Id.)

This Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition.  (ECF No. 7.)  In response, respondents filed a motion to dismiss.  (ECF No. 8.)  Respondents argue that petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(1).  (Id. at 1-2.)  Petitioner did not file an opposition to the motion to dismiss, and briefing is closed.  (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's statutory and Fifth Amendment due process rights by re-detaining him and continuing to detain him without a

hearing.  See Perez, 2025 WL 3187578, at *2-4; O.A.C.S., 2025 WL 3485221, at *3-5.  As the district court explained in Perez and O.A.C.S., respondents' contention that § 1225 applies to citizens who have been present in the United States is unavailing because of the weight of authority rejecting such a broad reading of § 1225, and the Fifth Amendment due process clause requires that petitioners detained pursuant to § 1226(a) are entitled to an opportunity to be heard prior to their re-detention.  See 11/14/2025 Order at 4-7, Perez, 1:25-cv-01540 DAD CSK (ECF No. 12); 12/04/2025 Order at 5-9, O.A.C.S., 1:25-cv-01652 DAD CSK (ECF No. 13).  Respondents' alternative request that this matter be stayed pending a ruling by the Ninth Circuit in Rodriguez v. Bostock, No. 25-6842 (9th Cir.) (see ECF No. 8 at 2) should be denied because a stay would not promote the efficient use of scarce judicial resources in a district with some of the highest caseloads in the country.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified.

**III.    MOTION TO DISMISS**

For the reasons discussed above, respondents' motion to dismiss should be denied.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED.

2.  Respondents' motion to dismiss (ECF No. 8) be DENIED.

3.  A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Josue Salvador Herrera Garcia (A-220-170-286) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that petitioner's physical custody is legally justified.  This injunction does not address other circumstances where detention authority is established under

4

different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 11, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Garc766.157.imm/2

5